**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**TANISHA S. BASHFUL** **CIVIL ACTION**

**VERSUS**

**NO. 26-171-SDJ**

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**

**RULING AND ORDER**

Before the Court is an Unopposed Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (R. Doc. 17) filed by Plaintiff Tanisha S. Bashful. The Commissioner has not filed a response to the Motion and does not oppose this Motion.[1] As Plaintiff was the prevailing party in this case, the Commissioner does not object, and the fees sought are reasonable, the Motion will be granted. Plaintiff is awarded $708.75 in fees pursuant to the Equal Access to Justice Act.

## I. Background

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of Plaintiff's application for Plaintiff Supplemental Security Income ("SSI") under Title XVI and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] On April 21, 2026, Defendant filed a Joint Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g).[3] This Court, on May 7, 2026, issued an Order vacating the Commissioner's decision and remanding the case for further administrative proceedings.[4] The instant Motion for Attorney Fees Pursuant to the Equal Access to Justice Act

[1] R. Doc. 17 at 4.
[2] R. Doc. 1.
[3] R. Doc. 10.
[4] R. Doc. 13.

was then filed on August 5, 2026, seeking a fee award under the EAJA of $708.75.[5] As stated above, this Motion is unopposed.

## II. Law and Analysis

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Attorney fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party and is, therefore, entitled to an award of fees and costs under the EAJA. The position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B).

For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). This applies to both administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991). Substantial justification means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." *Underwood*, 487 U.S. at 565. Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)(citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Where legal error results in reversal of the ALJ's decision and where such legal error is contrary to "clearly established statutory and court precedent," the

---

[5] R. Doc. 15.

Commissioner's position before the agency is not substantially justified. *Underwood*, 487 U.S. at 561-62.

There also is no dispute either about the number of hours for which Plaintiff is claiming compensation or the hourly rate sought. Here, Plaintiff moves this Court grant an hourly rate of $175.00 for the work performed by attorneys Lindsey Sbrolla and Meredith Marcus, under the EAJA. The Court agrees that $175 is a reasonable attorney hourly rate.[6] Plaintiff also requests compensation for time spent preparing this motion, as is allowed under the EAJA and for preparing a reply. *See Commissioner, I.N.S. v. Jean*, 496 U.S 154 (1990). Plaintiff seeks an award of attorneys' fees in the total amount of $708.75, which represents 1.05 attorney hours at $175.00/hr [$183.75]; and 5.25 law clerk hours at $100/hr [$525.00].

Finally, the record includes an assignment of fees signed by Plaintiff transferring and assigning her rights and interests in any EAJA fees to her attorneys.[7] The practice in this Circuit has been to award EAJA attorney fees directly to the plaintiff.[8] In keeping with this precedent, the award of EAJA attorney fees in this case is to be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

**III. Conclusion**

Accordingly,

---

[6] This Court has held that $175.00 per hour was a reasonable fee for attorney time, which includes a cost-of-living adjustment to the statutory cap of $125.00. *See Gann v. Colvin*, No. 14-189, 2017 WL 385038, at *3 (M.D. La. Jan. 27, 2017) (finding "that an hourly rate of $175.00 satisfies the goals of the EAJA—increasing rates only to the extent necessary to ensure an adequate source of representation and not exceeding the percentage by which the market rate attorney's fees have increased since the statute was enacted in 1981"); *see also Sibley v. Kijakazi*, No. 20-759, 2022 WL 1559073, at *1 (M.D. La. May 17, 2022) (granting Plaintiff's request for attorney fees at the hourly rate of $175); *Ricks v. Comm'r of Soc. Sec.*, No. 18-1097, 2020 WL 2130989, at *1 (M.D. La. May 5, 2020) (awarding attorney fees at a rate of $175 an hour). Accordingly, the $175.00 per hour fee for attorney time sought in the Motion is reasonable.

[7] R. Doc. 15 at 4.

[8] *See Jackson v. Astrue*, 705 F.3d 527, 531 n. 11 (5th Cir. 2013) (noting that "the government pays EAJA fees directly to the litigant"); *Craig v. Colvin*, No. 15-583, 2016 WL 4689044, at *3 (M.D. La. Sep. 6, 2016) (holding that under *Ratliff*, a fee award shall be made directly to the plaintiff, not her counsel).

**IT IS ORDERED** that Plaintiff's Unopposed Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act (R. Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner shall remit to Plaintiff's counsel a check made payable to "Tanisha S. Bashful" for fees in the amount of $708.75 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). The check may be mailed to Plaintiff's counsel. Full or partial remittance of the awarded fee is contingent upon a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the Government. The Commissioner will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth herein.

Signed in Baton Rouge, Louisiana, on October 8, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**